THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FINE FASHION, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>RABEI MATTRESS, INC., et al.<br><br>  Defendants. | Civil Action No.: 14-7325 (JLL) (JAD)<br><br>ORDER VACATING ENTRY OF<br>DEFAULT AGAINST DEFENDANTS |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Defendants Rabei Mattress, Inc., Mattress Unlimited, Inc. and Said Rabei's motion to vacate the default entered against them on April 20, 2015. (ECF No. 25). Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Defendants' application. After having carefully considered the parties' submissions, (ECF Nos. 25, 28), and for good cause shown; and

**WHEREAS** Plaintiff filed an Affidavit of Service indicating that Plaintiff effectuated service on Defendant Said Rabei on December 16, 2014 by leaving copies of the Summons and Complaint with Mr. Rabei's wife, Nancy Rabei, at Mr. Rabei's home; (ECF No. 3); and

**WHEREAS** Mr. Rabei's responsive pleading was therefore due on or before January 6, 2015; (ECF No. 3); and

**WHEREAS** Mr. Rabei did not respond to the Complaint by that date; and

**WHEREAS** Plaintiff filed an Affidavit of Service indicating that Plaintiff effectuated service upon Defendant Mattress Unlimited, Inc. ("MUI") on February 9, 2015 by serving copies of the Summons and Complaint upon the Illinois Secretary of State's office; (ECF No. 7); and

**WHEREAS** Plaintiff filed an Affidavit of Service indicating that Plaintiff effectuated service upon Defendant Rabei Mattress, Inc. ("RMI") on February 9, 2015 by serving copies of the Summons and Complaint upon the Illinois Secretary of State's office; (ECF No. 8); and

**WHEREAS** Defendants MUI and RMI were therefore required to file responsive pleadings on or before March 2, 2015; (ECF Nos. 7 and 8);

**WHEREAS** Defendants MUI and RMI did not respond to the Complaint by that date; and

**WHEREAS**, on April 17, 2015, Plaintiff's counsel filed an application requesting that the Clerk of the Court enter default against all Defendants pursuant to Federal Rule of Civil Procedure 55(c); (ECF No. 14); and

**WHEREAS** the Clerk of the Court entered default against all Defendants on April 20, 2015; (ECF No. 15); and

**WHEREAS** in compliance with the Hon. Jose L. Linares, U.S.D.J.'s Order dated April 27, 2015, (ECF No. 16), Plaintiff filed a motion for default judgment against all Defendants on May 5, 2015; (ECF No. 17); and

**WHEREAS** by letter dated July 10, 2015, attorney Victor M. Urbaez, Esq. filed a notice of appearance on behalf of Defendant Rabei and sought a thirty day extension of that Defendant's time to respond to the Complaint. (ECF No. 22). Plaintiff opposed that application by letter dated July 14, 2015; (ECF No. 23); and

**WHEREAS** on July 16, 2015, this Court entered the following Order:

> The Court has carefully reviewed attorney Victor Urbaez's 7/10/15 letter, in which Mr. Urbaez seeks to enter an appearance on behalf of Defendant Said Rabei and requests additional time to respond to the Complaint and to oppose Plaintiff's pending motion for a default judgment. (ECF No. 22). The Court has also carefully reviewed Plaintiff's 7/14/15 response thereto. (ECF No. 23). The Court notes that the Clerk of the Court previously entered a default against Defendant Rabei. If Mr. Rabei seeks to litigate this matter, he must

      file a formal motion to vacate the entry of default in accordance with Federal Rule of Civil Procedure 55(c). Mr. Rabei shall file any such application on or before 7/31/15. The Court stresses that, because the Court has not yet entered a default judgment against any defendant, the appropriate standard on such a motion is the "good cause" standard set forth in Rule 55(c) and NOT, as Plaintiff suggests, the more stringent standard associated with vacating a judgment under Rule 60(b). The Clerk of the Court shall note Mr. Urbaez's appearance as counsel for Mr. Rabei on the docket for this matter.

and;

  **WHEREAS**, on July 31, 2015, Mr. Urbaez filed a "Motion to Set Aside Entry of Default and/or Default Judgment" on behalf of all Defendants; (ECF No. 25); and

  **WHEREAS** Federal Rule of Civil Procedure 55(c) provides that, for good cause shown, a court "may set aside an entry of default"; and

  **WHEREAS** in determining whether the good cause standard has been satisfied, courts examine the following three factors: (i) whether defendant has set forth a meritorious defense; (ii) whether plaintiff will be prejudiced by setting aside the default; and (iii) whether defendant's culpable conduct led to the default. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3rd Cir. 1984); and

  **WHEREAS** the Court notes that "[a] standard of 'liberality' rather than 'strictness' should be used in deciding whether to vacate a default so that 'any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" Fed. Home Loan Mortg. Corp. v. B&C Inv. Assocs., No. 97-1913 (JEI), 1998 U.S. Dist. LEXIS 23521, *13 (D.N.J. Aug. 11, 1998) (quoting Medunic v. Lederer, 533 F.2d 891, 893-94 (3d Cir. 1976)); and

  **WHEREAS** a meritorious defense is established if the moving party's allegations, if established at trial, would constitute a complete defense against the plaintiff's claims. Id. A complete defense must "allege [] specific facts beyond simple denials or conclusory statements.

Getty Petroleum Marketing, Inc. v. Saini, No. 05-4732(RBK), 2007 WL 465451 (D.N.J. Feb. 7, 2007)(citation omitted). Moreover, the Court, in deciding whether to vacate the entry of default, need not delve into the ultimate legal merit of the Defendants' assertions. Getty Petroleum Marketing, Inc. v. Saini, No. 05-4732(RBK), 2007 WL 465451 (D.N.J. Feb. 7, 2007). It is enough that Defendants' allegations, if true, could defeat the allegations of Plaintiff's Complaint. Id.; and

**WHEREAS**, in its Complaint, Plaintiff asserts claims (including fraud and breach of contract), in connection with Defendants' alleged failure to remit full payment for various goods that Plaintiff supplied in connection with a written agreement between Plaintiff and RMI; (see Compl., ECF No. 1); and

**WHEREAS** in moving to vacate the entry of default, Defendants argue that Plaintiff actually breached the parties' agreement first by failing to supply materials that met the specifications set forth under that contract, and that Plaintiff instead delivered unusable material; (Def. Br. at 10-11, ECF No. 25); and

**WHEREAS**, in its Opposition to Defendants' motion, Plaintiff does not suggest that Defendants' contentions, if proven at trial, would fail to create a complete defense against Plaintiff's claims. (See Pl.'s Opp. Br. at 5, ECF No. 28). Rather, Plaintiff challenges the form of Defendants' allegations, arguing that because they were set forth by Defendants' attorney (i.e., rather than in an affidavit signed by an individual with personal knowledge of its content), Defendants' statements do not constitute "competent evidence" and are therefore insufficient to support the establishment of the sort of meritorious defense required to vacate the entry of default under Rule 55(c) and relevant case law. (Id.). This Court disagrees. Defendants are not required to proffer evidence in support of their defense at this juncture of the case. Indeed, courts typically determine whether a defendant has articulated a meritorious defense by examining the content of

its proposed answer. See $55,518.05 in U.S. Currency, 728 F.2d at 195 ("The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established at trial, would constitute a complete defense to the action.'") (internal citations omitted); and

**WHEREAS** the Court finds that, at this early stage of the litigation, and in light of Plaintiff's failure to offer any substantive argument to the contrary, Defendants have established a prima facie meritorious defense against Plaintiff's claims; and

**WHEREAS** this Court finds that Plaintiff would not suffer any legitimate prejudice should the Court vacate the defaults entered against Defendants. Prejudice to a plaintiff "is established [. . .] when a plaintiff's ability to pursue the claim has been hindered [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." Nationwide Mut. Ins. Co. V. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 522 (3rd Cir. 2006)(citation omitted). The fact that a plaintiff faces "'delay in realizing satisfaction on a claim rarely serves to establish [a sufficient] degree of prejudice.'" Id. at 523-24 (quoting Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656-57 (3d Cir. 1982)). Nothing in the record suggests that vacating the entry of default against Defendants here would hinder Plaintiff's efforts to pursue its claims, or that the delayed start of discovery in this matter has jeopardized the availability of evidence or might otherwise cause the sort of prejudice articulated by the Court of Appeals; and

**WHEREAS** this Court finds that the Defendants' actions here do not rise to the level of culpable conduct such that their Motion to Vacate Default should be denied. The Court notes that "[a]ppropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated." Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984). While there is no bright line standard for determining whether a defendant's default was

based on its own culpable conduct, the United States Court of Appeals has noted that "[r]eckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." Id.; Nationwide Mut. Ins. Co., 175 F. App'x at 523. Here, Defendant Said Rabei has represented that he has been living outside of the United States since November 2014 and that he first became aware of this lawsuit when he received a copy of Plaintiff's motion for default judgment. (Rabei Decl., ¶¶ 3, 6, ECF No. 25). Mr. Said also advised that he learned that employees for the entity defendants have likewise never received a copy of the Complaint. (Id. ¶ 7). Mr. Said further represented that, upon learning of the case, he immediately contacted attorney Victor Urbaez for assistance. (Id. ¶ 4). In light of Mr. Said's statements, the Court finds that Defendants' default was not the result of any conduct that rises above the level of "mere negligence." Hritz, 732 F.2d at 1183; and

**WHEREAS** the Court finds that, in light of the foregoing, and mindful of the Court of Appeals' preference for resolving cases on their relative merits, good cause exists to vacate the default that the Clerk of the Court entered against all Defendants on April 20, 2015,

IT IS on this 2ND day of September, 2015,

**ORDERED** that Defendants' motion to vacate the entry of default, (ECF No. 25), is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court's entry of default against all Defendants on April 20, 2015, (ECF No. 15), is hereby vacated; and

**IT IS FURTHER ORDERED** that Defendants shall answer or otherwise respond to the Complaint on or before September 18, 2015; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall note attorney Victor M Urbanez, Esq.'s appearance on behalf of Defendants Rabei Mattress, Inc., Mattress Unlimited, Inc. on the docket for this matter.

**SO ORDERED**

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Honorable Jose L. Linares, U.S.D.J.